UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL WAYNE DE LONG<br><br>Defendant. | Case No. 1:23-CR-00247-BLW-CWD<br><br>**REPORT AND RECOMMENDATION** |

On November 6, 2023, Defendant DANIEL WAYNE DE LONG appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 25). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 20), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

REPORT AND RECOMMENDATION - 1

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (A) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government originally motioned for Defendant's detention prior to the detention hearing, but then agreed to withdraw the motion at the hearing. (Dkt. 5, 15). The Government has stated it does not oppose Defendant's continued release as long as there are no pretrial issues prior to the change of plea hearing. The Government has not offered any information or reason to believe Defendant is an enhanced risk of flight or danger to the community at this time.

Defendant has been compliant with the pretrial conditions of his release. (Dkt. 28). Since the time of his release, Defendant has stayed in contact with the pretrial services officer and has become gainfully employed full-time in an appropriate position as of October 2023. (Dkt. 28). Defendant is also currently undergoing mental health treatment.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's mental health that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a

REPORT AND RECOMMENDATION - 2

danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant DANIEL WAYNE DE LONG's plea of guilty to Count TWO of the Indictment (Dkt. 20).

2) The District Court order forfeiture consistent with Defendant DANIEL WAYNE DE LONG's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 20) and the Plea Agreement (Dkt. 25).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts ONE and THREE of the Indictment (Dkt. 20) as to Defendant DANIEL WAYNE DE LONG.

4) The District Court continue Defendant DANIEL WAYNE DE LONG's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 16.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 6, 2023

                                                                                         _/s/ Candy W. Dale_
                                                                                         CANDY W. DALE
                                                                                         U.S. MAGISTRATE JUDGE